**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 95-10556**
**Summary Calendar**
_____

**ANTHONY L. DELVALLE,**

**Plaintiff-Appellant,**

**versus**

**TEXAS BOARD OF PARDONS & PAROLES; C S LAWSON; K. WHATLEY,**

**Defendants-Appellees.**

_____

**Appeal from the United States District Court**
**for the Northern District of Texas**
**(4:95 CV 413 A)**
_____

October 4, 1995

Before JOLLY, JONES and STEWART, Circuit Judges.

PER CURIAM:[*]

Anthony L. Del Valle (Del Valle), a Texas state prisoner, appeals the district court's dismissal of his *pro se, in forma pauperis* civil rights action against the Texas Board of Pardons & Paroles (Board). Because Del Valle's action is properly considered a petition for writ of habeas corpus and he did not exhaust his state habeas remedies, this court affirms.

---

[*] Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

1

## I.  FACTUAL BACKGROUND

Del Valle filed his complaint, purportedly pursuant to 42 U.S.C. § 1983 (§ 1983), against the Board as well as his parole and hearing officers, alleging that his parole revocation hearing was fundamentally unfair.  Specifically, Del Valle raised three claims: (1) his request to be appointed counsel was denied; (2) his parole officer allegedly testified falsely against him; and (3) his hearing officer failed to record the events preceding his hearing accurately.  Del Valle sought reversal of the parole revocation as well as compensatory damages for mental anguish and lost wages.

The district court found that Del Valle's *pro se, in forma pauperis* complaint was more properly considered a petition for federal habeas corpus relief than an action under § 1983.  Accordingly, since Del Valle had not exhausted his state remedies, the district court dismissed the complaint.

## II.  DISCUSSION

Del Valle contends that the district court erred in treating his complaint as a petition for habeas corpus relief, rather than a claim pursuant to § 1983.  However, this court has held that "when a prisoner challenges the result of a single defective parole hearing, that claim must be pursued by writ of habeas corpus."  *Cook v. Tex. Dep't of Criminal Justice Transitional Planning Dep't,* 37 F.3d 166, 168 (5th Cir. 1994).[1]

---

[1]     As the district court noted, even if Del Valle had filed a complaint under § 1983, it would still be dismissed for failure to state a claim.  In order to recover damages for an allegedly unconstitutional imprisonment, a § 1983 plaintiff must prove that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254.  *Heck v. Humphrey,* ___ U.S. ___, 114 S. Ct. 2364, 2372 (1994).  Del Valle's complaint does not satisfy this prerequisite.

Hence, the district court acted correctly.  *See, e.g., Tartar v. Hury,* 646 F.2d 1010, 1011–12 (5th Cir. 1981) (dismissing a habeas claim for failure to exhaust all available state remedies).

### III.  CONCLUSION

For the foregoing reasons, this court **AFFIRMS** the district court's dismissal of the complaint.